

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| J.A., | ) | |
| | ) | |
| Appellant, | ) | WD82606 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | December 17, 2019 |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, MISSOURI STATE | ) | |
| HIGHWAY PATROL AND PETTIS | ) | |
| COUNTY PROSECUTOR, | ) | |
| | ) | |
| Respondents. | ) | |

**Appeal from the Circuit Court of Pettis County, Missouri**
The Honorable Robert L. Koffman, Judge

Before Special Division: Cynthia L. Martin, Presiding Judge, Thomas H. Newton, Judge
and Gary D. Witt, Judge

J.A. ("Appellant")[1] appeals the judgment of the Circuit Court of Pettis County

dismissing his petition for expungement. J.A. raises two points of error contending that

---

[1] "We refer to this party by initials to protect the identity of the party. It would defeat the spirit of the expungement statute to refer to a party by name in a public opinion which includes details of the offenses contained within the record, such that any order of expungement would be defeated by the public record made in the published opinion from the appeal. To do otherwise would encourage a party which opposed the expungement to appeal the decision in order to create a readily available public record of the now expunged offenses and would discourage a party seeking expungement from appealing the denial of that request due to the readily available public record created by the appeal." *R.G. v. Mo. State Highway Patrol*, 580 S.W.3d 38, 39 n. 1 (Mo. App. W.D. 2019).

the circuit court erred in its application of section 610.140.5.[2]  The judgment is reversed, and the case is remanded with instructions.

## Factual and Procedural Background

On July 25, 2018, J.A. filed a Petition for Expungement in the circuit court ("Petition").  J.A. sought expungement of his 1970 conviction for felony possession of a stimulant drug in violation of section 195.240,[3] specifically amphetamine.  The Petition named as defendants multiple Pettis County entities, the Missouri State Highway Patrol ("Highway Patrol"), and the Sedalia Police Department.  The Highway Patrol was the only entity that filed an Answer; it also filed a Motion to Dismiss.

The circuit court held a hearing on February 1, 2019.  J.A. admitted that he was convicted of felony possession of a stimulant drug on May 6, 1970.  He was sentenced to three years' imprisonment, he served 11 months, and was completely released on May 7, 1973.  In 1976, he was convicted of the sale of amphetamines in the United States District Court for the Eastern District of Missouri.  With the exception of one traffic ticket, J.A. had not been found guilty of any misdemeanor or felony offense in the past 40 years.

In arguing both against expungement and in support of its Motion to Dismiss, the Highway Patrol contended that J.A. was ineligible for expungement of his 1970 conviction because he was found guilty of an additional felony in less than seven years after the completed authorized disposition of the conviction.

---

[2] All statutory references are to RSMo. 2016, as updated through July 25, 2018 unless otherwise indicated.
[3] RSMo. (1970).

2

The circuit court entered its Amended Findings of Fact and Conclusions of Law on February 26, 2019 ("Judgment").[4]  The court found that the calculation of the seven-year period was from the date of completed disposition and found J.A. ineligible for expungement due to his 1976 conviction.  As such, the Judgment dismissed J.A.'s Petition.

This appeal followed.

## Standard of Review

As a court-tried case, we will affirm the judgment of the circuit court unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares the law.  *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *S.Y. v. Askren*, 581 S.W.3d 721, 722 (Mo. App. W.D. 2019).  The circuit court's statutory interpretations are a question of law to be reviewed *de novo*.  *S.Y.*, 581 S.W.3d at 722.

## Discussion

The facts of this case are not in dispute.  J.A. was convicted of a felony in 1970 and was not completely released from his disposition until May 7, 1973.  Within three years of that final disposition, he was found guilty of an additional felony offense in federal court.  The circuit court determined the proper interpretation of subsections 610.140.5(1) and (2) was that, to be entitled to expungement of a felony, a petitioner must show that he or she did not commit another felony or misdemeanor for at least seven years from the date of completion of final disposition of the felony sought to be expunged.  In his first point on appeal, J.A. argues that the circuit court erred in its interpretation.  J.A. argues that

---

[4] The original judgment was entered February 19, 2019.

3

subsections (1) and (2) only require a showing that he had not committed another felony or misdemeanor within the seven years immediately preceding the filing of the petition for expungement.

> The relevant portion of section 610.140.5 reads:
>
> At any hearing, the court may accept evidence and hear testimony on, and may consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement:
>
> (1) It has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition;
>
> (2) The person has not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense, violation, or infraction in subdivision (1) of this subsection[.]

Section 610.140.5(1)-(2).[5]

This Court directly addressed the proper interpretation of section 610.150.5(1) and (2) in *R.G. v. Missouri State Highway Patrol*, 580 S.W.3d 38 (Mo. App. W.D. 2019), which was handed down after the Judgment was entered but during the pendency of this appeal. In *R.G.*, petitioner sought the expungement of two misdemeanor convictions for disturbing the peace that occurred within three years of each other but more than three years prior to the filing of the petition for expungement. *Id.* at 39-40. The circuit court granted

---

[5] Section 610.140.5 was amended, effective August 28, 2018, after the Petition was filed but before the Judgment was entered in this case. As such, we apply the prior version of Section 610.140.5. Subsection (1) now provides:

> (1) At the time the petition is filed, it has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition[.]"

4

expungement and the Highway Patrol appealed, arguing the proper timeframe considered is not from the date of the petition looking back but rather from the date of the completion of the final disposition looking forward. *Id.* at 40-41. This Court affirmed the judgment of the circuit court, noting that:

> While it is not clear from the language in the statute when the time period was to begin, the only interpretation that would be consistent with the legislative intent would be for the time period to begin at the time the petition was filed and extend backwards for three years for the expungement of this misdemeanor offense.

*Id.* at 41. This Court further explained, "[t]he purpose of expungement is to provide a second chance to persons who have had prior criminal offenses but have shown by their more recent conduct that they have rehabilitated themselves and deserve the second chance provided for in the statute." *Id*. at 42. "The legislature was focused on the time immediately prior to the filing of the petition for expungement because that is the period of time that would determine if the petitioner had changed their behavior so as to meet the statutory qualifications for expungement and deserve[s] the second chance provided by the statute." *Id.* This interpretation was affirmed again by this Court in *S.Y. v. Askren*, 581 S.W.3d 721 (Mo. App. W.D. 2019), deciding the same issue.

The circuit court and the parties did not have the benefit of *R.G.* and *S.Y.* when this case was presented and when the circuit court issued its Judgment. After the opinion in *R.G.* became final, the parties to this action filed a Joint Request for Remand to Trial Court, jointly requesting this Court remand the case back to the trial court for further action consistent with *R.G.* as both parties acknowledge that *R.G.* "resolves all issues on appeal." The parties further jointly waived oral argument to expedite the appellate process.

5

In this case, the time period specified for the underlying offense in subdivision (1) of section 610.140.5 would be between July 25, 2018, the day J.A. filed his Petition for expungement, and July 25, 2011, seven years prior to the filing of the Petition. The record does not reflect any misdemeanor or felony convictions during this time period. Thus, the circuit court erred in dismissing the Petition. The judgment is reversed, and the case is remanded with directions to the circuit court to enter judgment granting J.A.'s petition for expungement of his 1970 conviction for felony unlawful possession of a stimulant drug, which was entered in Pettis County.

Given our holding as to J.A.'s first point on appeal, we need not address his second allegation of error.

## Conclusion

For the reasons stated above, we reverse and remand the case with instructions.

_____
Gary D. Witt, Judge

All concur

6